Sofie Gannin ⎱
     vs. ⎰ No. 87828.
Robert W. Otis ⎰

September 2, 1932.

FROST, J. Heard on defendant's motion for new trial after verdict for plaintiff in the sum of $2,000.

This is an action brought by the plaintiff to recover for personal injuries received by her when, as she said, she was struck by an automobile while crossing Broadway, a public highway in the City of Pawtucket, on the morning of July 13, 1931. The case was tried with one brought by plaintiff's husband to recover for losses sustained as a result of his wife's injuries.

Plaintiff was a passenger on an electric car which had come from the center of the City of Pawtucket. The car stopped at the white pole just southerly of Magnolia Street. Mrs. Gannin left by the front door of the car, passed in front of the car, as she said, looked to her right and left and started to walk across the street. When she reached the second or in-bound track, she looked again, saw nothing and continued to cross the highway. She testified that she was very near the sidewalk and then "knew nothing." It was shown by an engineer that the width of the roadway westerly of the in-bound track is fifteen feet, eight inches.

Two young women testified that they were walking southerly on the sidewalk toward which Mrs. Gannin was walking. One of them said that she saw a woman crossing the street; that she had passed all the rails and was near the sidewalk; that she saw the woman hit by the left mudguard of a machine; that she was 4 or 5 feet from the sidewalk when picked up. The other of the two women said that the person hit was near the sidewalk in the street.

Another witness, a man, was standing on the corner of Lilac street and Broadway, nearer to the center of Pawtucket. He testified that Mrs. Gannin was about eight feet from the sidewalk when hit. Later, in cross-examination, he said that she was on the last car track when hit.

Louis Shakel was a passenger on the electric car. He left the car by the front door and went toward the rear of the car with the intention of crossing Broadway. He saw a machine on the right hand side of the electric car. This machine backed up and then went towards Attleboro. He testified that when he was passing over the first track, he heard a noise, turned and saw a lady near the curb.

The defendant testified that after the electric car stopped he pulled to his left; that there were other machines ahead of him; that when he was about on a line with the front door of the car, Mrs. Gannin came running out and ran into the side of his machine at about the rear door; that his machine was running partially in the in-bound track.

A witness, Landry by name, testified that he was standing on a piazza on the fourth floor of a building at the corner of Magnolia street and saw the accident occur. His testimony measurably supported that given by Mr. Otis.

It is apparent from the foregoing that there was a sharp conflict in the testimony placed before the jury. Mr. Otis' testimony was more or less nullified, it would seem, by the fact, not denied, that after the accident he told a police lieutenant that a woman came from the rear and ran into the side of his car.

When a pedestrian is crossing a highway there is doubtless a point where the degree of care that he must use for his own safety begins to diminish.

*Benoit* vs. *Miller et al.*, 67 Atl. 87.

Whether at the time of this accident Mrs. Gannin had reached such a point in Broadway and whether generally

she was using a reasonable degree of care for her safety were questions for the jury to determine. It, of course, is idle for her to say she looked and saw nothing if the evidence shows that she was almost immediately struck. There was, however, evidence which, if believed, might lead the jury to conclude that when she looked the machine of Mr. Otis had not come into the direct line of her vision. Whether she should have done more under all the circumstances than she did do was, the Court thinks, for the jury to say.

It seems to the Court that there was considerable testimony which, if believed, might reasonably lead the jury to conclude that Mrs. Gannin had traversed such a portion of the roadway when struck that responsibility for colliding with her was fairly upon the defendant.

The Court cannot substitute its own judgment for that of the jury. In this case it thinks that there was evidence from which the jury might reasonably and properly find for the plaintiff. Assuming liability, the damages given were not excessive.

Defendant's motion for a new trial is denied.

For plaintiff: Pettine, Godfrey & Cambio.

For defendant: Hinckley, Allen, Tillinghast, Phillips & Wheeler.